GONZÁLEZ ET AL., PETICIONARIOS, v. BENÍTEZ FLORES, JUEZ DE DISTRITO, DEMANDADO.

Solicitud para que se expida un auto de *certiorari* contra el Juez de la Corte de Distrito de San Juan, Sección Primera.

No. 317.—Resuelto en abril 4, 1921.

CERTIORARI—NOTIFICACIÓN DEL CERTIORARI A LA PARTE INTERESADA—DESESTIMACIÓN DEL RECURSO DE CERTIORARI.—Cuando por haberse notificado el auto de *certiorari* al demandado, el asunto ha quedado sometido a la jurisdicción del Tribunal Supremo, éste puede prescindir del cumplimiento estricto de sus propias reglas relativas a la notificación de la otra parte en el pleito, que pudiera ser afectada por el procedimiento.

ID.—FACULTADES DEL TRIBUNAL SUPREMO.—Antes de establecer una solicitud de *certiorari* en el Supremo, debe generalmente el peticionario agotar sus recursos en la corte de jurisdicción original, pero cuando el Tribunal Supremo se convence que la justicia del caso requiere su intervención inmediata, no deberá demorarla.

ID.—SINDICATURA—NOMBRAMIENTO EX PARTE DE SÍNDICOS.—El poder de nombrar síndicos con o sin fianza en procedimientos *ex parte*, que implícitamente reconoce a las cortes de distrito el artículo 184 del Código de Enjuiciamiento Civil, sólo puede ejercitarse en casos extremos, cuando las circunstancias sean

de tal naturaleza que requieran como único medio para la garantía del derecho de una parte que se pase por encima del derecho de la otra, que a no otra cosa monta resolver, en determinado sentido, aunque sea transitoriamente, sobre los derechos de esa otra parte sin oirla y sin exigir siquiera fianza que le garantice los daños que pudieran ocasionársele. Estudiadas en este caso las circunstancias concurrentes, *se resolvió:* que no justificaban el nombramiento de síndico *ex parte* y sin fianza, y dicho nombramiento fué anulado, devolviéndose el caso para que se decidiera por la corte de distrito después de oir a la parte contraria.

Los hechos están expresados en la opinión.

Abogado de los peticionarios: *Sr. C. Coll y Cuchí.*

El juez demandado no compareció.

Abogado de la parte contraria: *Sr. J. H. Brown.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Eduardo J. González, Enrique González y Abelardo de la Haba, por medio de su abogado, presentaron una solicitud jurada en demanda de un auto de *certiorari* dirigido contra el Juez de la Corte de Distrito de San Juan, Sección primera, ordenándole la remisión de los procedimientos en el pleito civil No. 13,534, sobre disolución de sociedad, en el cual el dicho juez ilegalmente había nombrado un síndico. El auto fué expedido y cumplimentado, fijándose la vista del recurso para el 7 de marzo pasado.

En el día señalado comparecieron de una parte los peticionarios, por medio de su abogado, y de otra Rafael Fabián, Luis Rubert, Eduardo Giorgetti y los menores Eulogio Dimas, Josefina Dolores, Alfonso Rafael, Luz María, Antonio, Lucía Mercedes y Rafael Angel Riera, representados por su madre con patria potestad Josefina Bengoechea, viuda de Riera, demandantes en el indicado pleito No. 13,534, también por medio de su abogado.

Estos últimos presentaron una moción solicitando la desestimación del recurso. Se suscitó entonces la cuestión de si dicha parte estaba o no preparada para entrar en la discusión del fondo del asunto. Manifestó que lo estaba, pero que si entraba en la vista, lo haría sin abandonar en modo al-

guno su derecho a que su moción de desestimación se resolviera por sus méritos. Con esas observaciones se oyó la moción y la corte se reservó su resolución, procediéndose a la vista del recurso, archivando la referida parte una contestación y oposición a la solicitud por escrito. Los abogados informaron oralmente y se les concedió además cinco días de término para que presentaran *memorandums* de autoridades, lo que hicieron, quedando así el caso sometido a nuestra consideración y resolución.

1. La petición para desestimar el recurso se basó en que siendo ellos la otra parte realmente interesada en el asunto y teniendo derecho a ser notificados, sólo se había dejado en el bufete de su abogado, hallándose éste ausente, una copia simple de la solicitud para que se expidiera el auto.

La regla 69 de las de este tribunal dispone que en casos de esta naturaleza será el deber del peticionario a cuyo favor se dicte la orden, entregar o hacer que se entregue a la otra parte realmente interesada una copia certificada de la declaración jurada y del auto que fundado en ella se expida. Las reglas de las cortes deben cumplirse por las partes. Sobre esto no hay duda. De otro modo no se hubieran acordado. Pero si la corte llega a adquirir jurisdicción en el caso, entonces puede prescindir del cumplimiento estricto de sus propias reglas, en bien de la justicia, y en este asunto esta corte adquirió jurisdicción desde que el auto fué notificado al juez del distrito.

Claramente no se cumplió aquí en toda su integridad con el mandato contenido en la regla 69 citada. No hay duda alguna con respecto al interés de la parte de que se trata y a que ella tenía derecho a ser notificada. Pero ¿cuál es el propósito de la notificación? Lo es avisar a la parte a quien se notifica del asunto y de todos los datos necesarios concernientes al mismo, a los efectos de que dicha parte pueda defender sus derechos. Y aquí se demostró a tiempo que la parte estaba perfectamente preparada y siendo esto así no

deben a nuestro juicio prevalecer meros tecnicismos al curso ordinario y rápido de los asuntos ante este tribunal. Si la parte hubiera manifestado que no estaba preparada, el tribunal hubiera suspendido la vista fijándola para una fecha que le proporcionara el tiempo suficiente para su preparación. Atendidas las circunstancias, el tribunal no hubiera desestimado la solicitud sino simplemente aplazado la vista ordenando a los peticionarios que cumplieran entre tanto estrictamente con la regla.

2. Como se ha dicho, examinada la solicitud la corte ordenó que el auto de *certiorari* se expidiera. La otra parte interesada sostiene que el auto no debió ser expedido porque existía otro remedio rápido y eficaz como lo era el de acudir a la propia corte de distrito en solicitud de reconsideración de su orden nombrando el síndico. Dicha parte cita en apoyo de su contención 6 Cyc. 744, 11 C. J. 113, y las decisiones de esta misma Corte Suprema en los casos de *Aramburu* v. *Córdova,* 17 D. P. R. 948; *Martínez* v. *Crosas,* 27 D. P. R. 94; *Marrero* v. *Bryan,* 26 D. P. R. 430, y *Vázquez Prada* v. *Rossy,* 20 D. P. R. 194.

Convenimos en que la práctica buena y corriente debe ser la de que si el peticionario puede obtener la solución de su problema por medio de una solicitud a la propia corte en que esté pendiente el asunto principal, no debe librarse por esta Corte Suprema el auto de *certiorari.* Pero esa regla tiene excepciones y no es obligatoria para este tribunal que está investido de una amplia discreción para expedir autos de esta naturaleza. Generalmente no se debe acudir a las cortes de apelación antes de agotar en las de jurisdicción original los procedimientos. Pero si las cortes de apelación se convencen de que la justicia del caso requiere su intervención inmediata, no deben dilatarla. Y esta corte consideró que la solicitud aquí presentada envolvía un caso de tal naturaleza. Además no debe perderse de vista que cuando se habla de la existencia de otros recursos para negar el

*certiorari* generalmente se refiere la jurisprudencia a recursos de apelación.

3. Se sostiene además para impugnar la procedencia del auto que las razones en que se funda la solicitud no son suficientes, en otras palabras, que la orden nombrando el síndico está justificada por las circunstancias concurrentes y ajustada a la ley.

Examinemos los hechos. En septiembre de 1919 E. Rubert, E. Giorgetti, E. J. González, E. González, J. D. Riera, A. de la Haba y B. Rubert constituyeron una sociedad agrícola e industrial bajo la razón de "Central Victoria, Ltd.," de acuerdo con el Código Civil y por término de cinco años, aportando cada uno de los cinco primeros socios cien mil dólares y cada uno de los dos últimos cincuenta mil, o sea, en junto, seiscientos mil dólares. Se traspasó a dicha sociedad la fábrica de azúcar "Central Progreso" y otras fincas y propiedades de la Compañía Azucarera de la Carolina, y comenzó a funcionar bajo la presidencia del socio González. Los socios J. D. Riera y B. Rubert fallecieron, adquiriendo la participación del primero sus hijos y R. Fabián y la del segundo el socio L. Rubert.

Transcurrió algún tiempo. Surgieron diferencias entre los socios dividiéndose al parecer en dos grupos, uno, el A, formado por E. J. y E. González y A. de la Haba, que representaba doscientos cincuenta mil dólares, pero que tenía mayoría en el "Consejo directivo" por razón de las cláusulas del contrato y de la muerte de los socios Riera y B. Rubert, y otro; el B, formado por L. Rubert, E. Giorgetti, R. Fabián y los hijos de Riera que representaba trescientos cincuenta mil dólares y estaba en minoría en el dicho "Consejo directivo."

El grupo B, el 21 de febrero último archivó una demanda en la Corte de Distrito de San Juan, Sección Primera, sobre disolución de la sociedad, solicitando en la misma el inmediato nombramiento de un administrador judicial. La demanda

está jurada por G. Vallecillo, apoderado del socio Giorgetti, que asistió como tal a las reuniones del concejo directivo de la sociedad. La corte de distrito sin exigir fianza y sin haberse notificado ni oído a los demandados, nombró el administrador que debería prestar una fianza por la suma de treinta mil dólares para garantizar el fiel cumplimiento de su cargo.

A nuestro juicio no hay duda alguna con respecto a la jurisdicción de la corte para nombrar síndicos en acciones entre socios "siempre que se probare que los bienes o fondos corren peligro de perderse, trasladarse o sufrir daños de consideración." Véase el artículo 182, número 1, del Código de Enjuiciamiento Civil.

No creemos que sea necesario que decidamos ahora si la demanda justificaría o no en definitiva el nombramiento de un síndico o administrador. Tal cuestión debe dejarse libremente a la resolución de la Corte de Distrito después que oiga a las partes y pese las circunstancias que se demuestren que concurren en el caso.

Lo que en verdad motivó la expedición del auto y será el fundamento de nuestra decisión anulando el nombramiento, fué el procedimiento seguido.

Es cierto que el artículo 184 del Código de Enjuiciamiento Civil dispone que: "Si se nombrare un síndico a solicitud *ex parte,* la corte, antes de dictar la orden, podrá exigir del solicitante una fianza  *  *  *  ,'' disposición que implícitamente reconoce el poder de las cortes para nombrar síndicos sin oir a la parte contraria, dejando a su arbitrio el exigir o no fianza. Pero ese poder sólo puede ejercerse en casos extremos, cuando las circunstancias sean de tal naturaleza que requieran como único medio para la garantía del derecho de una parte que se pase por encima del derecho de la otra, que a no otra cosa monta resolver, en determinado sentido, aunque sea transitoriamente, sobre los derechos de esa

otra parte sin darle la oportunidad de ser oída y sin exigir siquiera fianza para responder de los daños que pudieran causársele. Y la verdad es que examinados los hechos de la demanda no puede concluirse que presenten tal caso extremo.

El resumen de los hechos alegados se hace por la misma parte interesada, o sea por el grupo B, así:

"La demanda en este caso estableció por alegaciones apropiadas el derecho de los demandantes para solicitar la disolución de la sociedad por los siguientes fundamentos:

"1. Violación del contrato de sociedad y de sus deberes como socios por parte de los demandados al negarse a llevar a efecto o exigir cumplimiento de contratos ventajosos para la sociedad; votarse sueldos no autorizados por el contrato de sociedad; emplear fondos de la sociedad para fines ajenos y utilizar la sociedad en interés de E. González & Co. y en perjuicio de la sociedad 'Sociedad Central Victoria Limited.'

"2. Dissensiones entre los socios ocasionados por culpa de los demandados que imposibilitan la buena marcha de la sociedad.

"3. Mala administración de los bienes y negocios de la sociedad por los demandados ocasionando graves perjuicios y amenazando la ruina de la misma.

"4. Exclusión de los demandantes de una justa participación en los asuntos y dirección de la sociedad."

Tales hechos podrán quizás servir de base a la disolución de la sociedad y a su vez al nombramiento de un síndico, pero en modo alguno para el inusitado procedimiento seguido.

Esta Corte Suprema en el caso de *Balasquide* v. *Rossy,* 18 D. P. R. 33, en el cual en un procedimiento de *certiorari* se anuló el nombramiento de un síndico hecho por la Corte de Distrito, invocando el caso de *Sage* v. *Memphis Railroad Company,* 125 U. S. 361; el de *McNair* v. *Gourrier,* 40 La. Ann. 353, y 34 Cyc. 19 y 22 y casos citados, resumió la jurisprudencia sobre la materia, así:

"Generalmente la solicitud para el nombramiento de un síndico se dirige a la sana discreción de la corte para que se ejercite como un medio auxiliar de cumplirse los fines de la justicia. Pero el

poder conferido no es arbitrario y para que la acción judicial esté justificada bajo la base de la discreción, debe existir en realidad el caso que reclame el ejercicio de dicha discreción.

"La facultad de nombrar un síndico es muy delicada, especialmente cuando se invoca por medio de solicitudes interlocutorias *ex parte,* y debe ejercitarse con gran cautela, y solamente cuando las circunstancias del caso exijan un remedio urgente, o cuando la corte tenga motivos suficientes para creer que existe peligro inminente de que pueda ocurrir una pérdida, para que no sea mayor el perjuicio que ocasione la misma que aquel que se trata de evitar. Jamás deberá hacerse uso de tal facultad en un caso de duda, y cuando con el nombramiento no ha de obtenerse beneficio, o no resulta perjuicio de su negativa o sea, cuando no es manifiesta la necesidad de hacer el nombramiento. Debe la corte tomar en consideración las consecuencias para todas las partes, y no debe ejercitarse la facultad cuando hay probabilidades que tal ejercicio ocasione injusticia o perjuicio a los derechos privados, o si los hechos demuestran que el nombramiento lesionará los intereses de otras personas, cuyos derechos deben merecer tanta consideración por parte de la corte como los del demandante. Debe el juez hacer su orden de modo tal que si bien favorezca a una parte, no perjudique a otra, y de no conseguirse esto generalmente deberá negarse la solicitud."

Llama la atención la parte impugnadora a un caso de California del modo que sigue:

"La Corte Suprema de California ha declarado en *Real Estate Association* v. *Supreme Court,* 60 Cal. 223, que el artículo 566 del Código de Enjuiciamiento Civil de California casi idéntico con el citado artículo 184 reconoce el nombramiento de un síndico *ex parte.*

"Es cierto sin embargo, según la doctrina de aceptación general que una corte no nombrará un síndico *ex parte* a menos que se demuestre causa para hacerlo prescindiendo de notificación a la parte contraria.

"Las causas que de acuerdo con la citada doctrina se estiman suficientes son las siguientes:

"1. Cuando aparece que notificación a la parte contraria podría derrotar el objeto del pleito.

"2. Cuando resulta de las alegaciones de la demanda o de otra prueba que existe peligro que los bienes serán perdidos, malgastados u ocultados o de que los intereses sufran daño irreparable."

Aunque la doctrina ha sido entresacada más bien de las autoridades citadas por las partes que de la misma opinión, podemos aceptar que ha sido bien expuesta, pero sostenemos que aplicada a este caso, es contraria al procedimiento seguido. En el caso de California no constaba de la petición ni de la orden nombrando el síndico si se había hecho con o sin notificación. Aquí consta que se hizo sin notificación y sin fianza. El de California parece que era un caso de insolvencia. Aquí no se impugna siquiera la solvencia del grupo A. Si bien se alega que dicho grupo constituyendo la minoría del capital controlaba por mayoría de votos el Consejo Directivo, aparece que el grupo B tenía intervención en el Consejo y a su disposición estaban los medios para investigar todas las operaciones de la sociedad. Los bienes son en su mayoría inmuebles y en ellos corresponde una gran parte al grupo A. Nada hay que revele con visos de verdad que por seguirse el procedimiento regular y justo al oir al grupo A, antes de resolver si procedía o no el nombramiento del síndico, dicho grupo en el transcurso de algunos días fuera a ocultar bienes, falsificar cuentas, en una palabra, defraudar al grupo B, malbaratando la propiedad que legítimamente le pertenecía.

Los hechos del caso de Texas citado *Temple State Bank v. Mansfield,* 215 S. W. 154, son tan distintos, que la conclusión a que en él llegara la corte no puede aplicarse a este caso concreto sometido a nuestra consideración y decisión.

Allí las circunstancias justificaron el nombramiento del síndico sin notificación a la otra parte. Aquí hemos visto que no lo justifican.

La justicia requiere, pues, que la orden sobre el nombramiento del síndico sea anulada y que el pleito sea devuelto a la corte de distrito de su origen para que continúe tramitándolo de acuerdo con la ley, esto es, en el punto concreto debatido, oyendo a la parte contraria y decidiendo después

de considerar y pesar los hechos y razones aducidos por todos los interesados.

> *Anulada la orden nombrando síndico y devuelto el caso para ulteriores procedimientos no inconsistentes con la opinión.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

El Juez Asociado Sr. Hutchison disintió.