Marín, Peticionario, *v.* Hon. Angel Acosta Quintero, Juez de la Corte de Distrito de Mayagüez, Demandado.

Solicitud para que se expida un auto de *certiorari* contra "La Corte de Distrito del Distrito Judicial de Mayagüez, Hon. Angel Acosta Quintero, Juez," en un pleito sobre cobro de daños y perjuicios.

No. 332.—Resuelto en febrero 9, 1922.

*Certiorari*—Discreción Judicial.—Siendo, como es, en gran manera discrecional la expedición del auto de *certiorari*, la moción de un interventor para que se anule un auto expedido, también va dirigida a la discreción del tribunal y será concedida o negada de acuerdo con tal principio.

Id.—Partes Demandantes en Recurso de *Certiorari*.—No es fundamento bastante para anular un auto de *certiorari* expedido a petición de un fiador que solidaria y mancomunadamente con otro prestó fianza para el levantamiento de un embargo decretado para asegurar la efectividad de una sentencia, el hecho de que la expedición del auto no haya sido pedida por ambos fiadores, cuando resulta que solamente se embargaron bienes al fiador peticionario y todo induce a creer que dicho fiador es el único realmente interesado en la cuestión que suscita.

Id.—Id.—Si bien el auto de *certiorari* para corregir procedimientos judiciales debe dirigirse contra la corte inferior, el hecho de que tal práctica no se haya observado en este caso, no es motivo bastante para anular el auto expedido y acatado por la corte contra la cual debió expresamente dirigirse. Simplemente procede la corrección del título.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. L. Feliú.*

Abogado de la parte contraria: *Sr. M. Acosta Velarde.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

Manuel Marín presentó una solicitud en esta Corte Suprema para que se expidiera un auto de *certiorari* dirigido contra "La Corte de Distrito del Distrito Judicial de Mayagüez, P. R., Hon. Angel Acosta Quintero, Juez," a fin de que se anulara cierta orden dictada por la dicha corte.

Se alegó en la solicitud, en resumen, que en un pleito seguido por Angel Acosta Quintero contra Eugenio Lecompte y Genaro Cortés sobre daños y perjuicios todavía pendiente en la Corte de Distrito de Mayagüez, el demandante aseguró la efectividad de la sentencia mediante embargo de bienes de los demandados que se dejó luego sin efecto a virtud de fianza prestada por el peticionario Manuel Marín y por Blás Ramírez; que el demandante obtuvo sentencia a su favor por $1,204; que el 2 de agosto de 1921 el peticionario "fué notificado de un escrito llamado emplazamiento, librado en el ya mencionado pleito principal, a instancia del demandante y al cual se acompañó copia de dicha instancia o solicitud del demandante, en la cual se requería a este recurrente y a su co-fiador Blás Ramírez, para que expusieran en dicha corte de distrito, por qué causa no habrían de estar obligados por la sentencia dictada y registrada por la misma corte en 1º. de abril de 1921 a favor de dicho Angel Acosta Quintero y contra dichos Genaro Cortés y Eugenio Lecompte, por las ya ameritadas sumas, conforme a las disposiciones de ley sobre estos casos, por no haberse satisfecho la expresada sentencia, parcial ni totalmente, por dichos demandados, en el ameritado pleito principal;" y que el 1º. de septiembre de 1921, mediante orden dictada por el juez especial Bryan, se decretó el aseguramiento del pago de la sentencia mediante embargo de bienes del peticionario y el co-fiador Ramírez.

El peticionario sostuvo que la orden de septiembre 1º.,

1921; fué dictada sin jurisdicción y en contra de las leyes 'de procedimiento sobre la materia: Primero, porque dicha orden fué dictada sin que estuviera radicada, ni en trámite, acción alguna en la cual se reclamara el cumplimiento de ninguna obligación.   Segundo, porque la solicitud del demandante en el pleito principal para someter a los fiadores a la responsabilidad que emanaba de la fianza que habían prestado para levantar el embargo, no constituye una demanda, ni tampoco se instó acción alguna al radicarla en la expresada corte recurrida.   Y tercero, porque, conforme a la ley de aseguramiento de efectividad de sentencia, únicamente puede decretarse este remedio incidental en aquellos casos en que se hubiera radicado una demanda.   El recurso del demandante en la acción principal era simplemente el formular una solicitud a la corte, como en efecto y en realidad lo hizo, pero tal solicitud no crea ni establece una acción nueva e independiente de la principal que pendía entonces ante la misma corte, y en la cual se había dictado ya sentencia.

Esta Corte Suprema ordenó la expedición del auto en la forma ordinaria y el auto en efecto fué expedido y dirigido contra el "Hon. Angel Acosta Quintero, Juez de la Corte de Distrito del Distrito Judicial de Mayagüez."

En el día señalado para la vista comparecieron el peticionario por su abogado y Angel Acosta Quintero, demandante en el pleito sobre daños y perjuicios, que había solicitado intervenir en el procedimiento, también por su abogado, y el interventor presentó una moción para que el auto expedido fuera eliminado y declarado sin lugar.   La moción fué discutida y el tribunal la tomó bajo su consideración suspendiendo la vista del caso en su fondo.

Los fundamentos que adujo el interventor fueron: 1, que el peticionario no había cumplido con la sección 69 del Reglamento de este tribunal; 2, que no se ha hecho parte del procedimiento al co-fiador Ramírez, y 3, que el auto fué diri-

gido no contra la corte de distrito, sino contra Angel Acosta Quintero, Juez de la Corte de Distrito de Mayagüez, no siendo Acosta Quintero el juez que conoció del asunto y sí Bryan nombrado juez especial para intervenir en el caso por inhibición del juez propietario que era el demandante en el pleito de daños y perjuicios.

1. Examinadas las copias simples de los documentos que el peticionario entregó a la parte interesada o sea al demandante en el pleito sobre daños, interventor en el *certiorari,* se concluye sin esfuerzo alguno que el peticionario no cumplió debidamente con la regla 69 invocada del Reglamento de este tribunal que dispone entre otras cosas que ''será el deber del peticionario a cuyo favor se dicte la orden, entregar o hacer que se entregue a dicha parte, o partes interesadas, *una copia certificada* de la declaración jurada y *del auto que fundado en ella se expida,* de la misma manera que ha de entregarlos al demandado a que se haga referencia en la declaración jurada, y dicho peticionario deberá presentar y entregar en la oficina del Secretario de este tribunal, la prueba de la entrega de los expresados documentos.''

Ahora bien, como el interventor no sólo se manifestó en el acto de la vista perfectamente enterado de todos los procedimientos, sino que archivó un escrito de ''contestación, oposición y excepción previa a la solicitud'' acompañado de un alegato en apoyo del mismo y dijo además que estaba listo para seguir adelante, opinamos que no ha lugar por tal motivo a anular el auto que se ha expedido. Véase el caso de *González et al.* v. *Benítez Flores, Juez de Distrito de San Juan,* 29 D. P. R. 301, y la jurisprudencia que, tal como aparece condensada en 11 C. J. 191, párrafo 334, es como sigue:

''Desde el momento que la expedición del auto del '*certiorari*' es en gran manera discrecional, una moción para desestimar la solicitud y anular el auto expedido (*motion to quash*), va dirigida a la discreción de la corte y será concedida o negada de conformidad.''

2. Cita el interventor en apoyo del segundo de sus motivos, las siguientes autoridades:

"Las personas conjuntamente afectadas por la decisión de la corte inferior deben establecer su recurso conjuntamente, a menos que haya una separación; pero una sola puede establecer el recurso mediante demostración de que su codemandado es incapaz para consentir o está ausente del Estado, y renunciados los errores por una, el procedimiento puede continuar a nombre de la otra."

"Así, cuando existe una sentencia contra dos demandados conjuntamente, ellos no sólo pueden sino que deben solicitar juntos el auto." 11 C. J., pág. 142, sec. 118.

"La razón por la cual a uno de dos demandados conjuntamente no se le permite solicitar el auto por sí sólo, sin citar al otro demandado y obtener una orden concediendo una separación, es que, si esto no se hiciera, el otro demandado retendría su derecho a solicitar otro auto y estaría así en posición de hostigar al demandante." *Hulick* v. *Casler*, 57 N. J. L. 621, 31 A. 223; citado en 11 C. J. pág. 142.

La regla es clara y ha sido bien expuesta y razonada, pero el peticionario sostiene que en realidad de verdad el único fiador interesado es el peticionario. Los fiadores no se obligaron solo mancomunadamente, sino principal y separadamente también, y fué al fiador peticionario al único a quien se embargaron bienes para hacer efectiva la sentencia.

Siendo ello así, opinamos que tampoco es bastante este fundamento para anular el auto expedido.

3. El auto fué en verdad mal dirigido. Se expidió contra el "Hon. Angel Acosta Quintero, Juez de la Corte de Distrito de Mayagüez." La solicitud estaba titulada de modo correcto. La corte de distrito, la verdadera parte demandada, figuraba en primer término y luego el nombre del juez.

"La corte," dice Corpus Juris, "es el único demandado necesario en un procedimiento para revisar una orden suya, y no es bastante con que el auto vaya dirigido al juez de la corte. El procedimiento en su totalidad está dirigido al tribunal, junta o funcionario que se alega haberse excedido en su jurisdicción o poderes legales y ordinariamente estos son

considerados demandados adecuados en el record." 11 C. J., página 143, sección 120.

Y Cyc, se expresa como sigue:

"Un auto para revisar los procedimientos de una corte inferior debe ir dirigido a la corte y no al juez de la misma, pero si el procedimiento fué seguido ante el juez como funcionario entonces es propio dirigirlo a él. Si se pretende no sólo revisar los procedimientos de cortes inferiores sino también atacar derechos adquiridos mediante las actuaciones de éstas, el auto puede ser dirigido a aquellas personas que reclaman tales derechos." 6 Cyc. 797.

Puede también consultarse a 3 Estee's Pleadings, páginas 773 y 774, párrafos 5369 y 5370, y a 2 Sutherland, Code Pleading Practice and Forms 1366, 1378, 1379 y 1380.

El primer caso de *certiorari* que aparece en las decisiones de esta Corte Suprema solicitado después de la vigencia de la ley de 1904 autorizando su expedición, figura en el tomo 6, página 202, segunda edición, y se tituló *Fernández v. La Corte de Distrito*. También el segundo está dirigido exclusivamente contra la corte, 7 D. P. R. 576. En el volumen 8, página 288 consta un procedimiento de *certiorari* titulado: "*Arpin v. Del Toro, Juez de Distrito*." Luego pueden encontrarse otros del mismo modo. La buena práctica es dirigir el auto contra la corte o junta con cuyos procedimientos deba intervenirse. No solo así lo establece la jurisprudencia, sino que se deduce de los propios términos de la ley. Leyes de 1904, página 123, Comp. de 1911, página 292. La inclusión además del nombre del juez de la corte sujeta a dicho juez directamente al procedimiento, no es contraria a la regla establecida y ha sido además la práctica de esta corte por muchos años. Los autos, pues, deberán continuar expidiéndose contra la corte y contra el juez de la misma.

Ahora bien, el error cometido ¿vicia de nulidad al procedimiento? Entendemos que no. El auto de hecho llegó a la propia corte de distrito y ésta remitió sin dificultad los procedimientos, y así las actuaciones que se intenta corregir

están ante nosotros y no debemos dilatar por más tiempo nuestra intervención definitiva. El título del procedimiento deberá ser corregido.

Por virtud de todo lo expuesto y en el ejercicio de nuestra discreción, opinamos que la moción del interventor debe ser declarada sin lugar, el título del procedimiento corregido y señalarse nuevo día para la vista del recurso en su fondo.

> *Sin lugar la moción para eliminar, debiendo corregirse el título de los procedimientos así: "Manuel Marín, peticionario v. La Corte de Distrito de Mayagüez, Hon. Angel Acosta Quintero, Juez."*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.