Carmen Vázquez Viuda de Vincenty, peticionaria, v. La Corte de Distrito de Mayagüez, Hon. Charles E. Foote, Juez, demandado.

No. 551.—*Visto:* Enero 17, 1927. *Resuelto:* Enero 20, 1927.

Síndicos—Nombramiento, Requisito y Término del Cargo—Facultades de los Tribunales para Nombrarlos—En General—Para Administrar Bienes de Finados.—Regulando la ley de procedimientos legales especiales la administración de los bienes de los finados, no estarán justificadas las cortes de distrito para prescindir de sus reglas y proceder al nombramiento de síndicos que administren dichos bienes a menos que circunstancias muy extraordinarias que no existen en el presente caso, lo exigieren.

Certiorari para revisar orden de *Charles E. Foote*, J. (Mayagüez), sobre nombramiento de síndico. *Anulada* la orden.

*Angel A. Vázquez*, abogado de la peticionaria; *Rafael A. Saliva*, abogado del oponente José Agustín Vincenty y Martínez.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Este es un procedimiento de *certiorari* y la cuestión a resolver en el mismo es la de si cierto síndico nombrado por la Corte de Distrito de Mayagüez lo fué o no de acuerdo con la ley.

De los autos originales reclamados resulta que el 4 de noviembre de 1926 falleció en Mayagüez Juan Vincenty Ramos sin haber otorgado testamento. Vincenty estaba casado al morir en únicas nupcias con Carmen Vázquez y Sánchez, habiéndose celebrado el matrimonio, en el que no se procrearon hijos, en 1898. No dejó ascendientes. Cuatro días después de su muerte, José Agustín conocido por Augusto o Agudo Vincenty y Martínez presentó un escrito a la corte alegando ser su hijo natural reconocido y pidiendo que se le declarara su heredero en unión de la viuda. Esta se opuso. Se opusieron también ciertos parientes colaterales. Y la corte finalmente el 3 de enero actual dictó sentencia desestimando las oposiciones y declarando únicos y universales herederos abintestato de Juan Vincenty Ramos a su hijo natural reconocido José Agustín y a su viuda en la cuota usufructuaria que determina la ley.

Al día siguiente de dictada la sentencia el hijo natural reconocido pidió a la corte que nombrara un síndico que se incautara de todos los bienes de la herencia y los administrara mientras se decidía la apelación, caso de que los opositores resolvieran apelar, y la corte accedió nombrando a Carlos Bianchi que debería prestar una fianza de diez mil dólares. El síndico prestó la fianza, juró el cargo y entró a desempeñarlo el 7 de enero actual. El propio día 7 de enero apeló de la sentencia la viuda y el 10 los parientes colaterales.

Así las cosas, el 11 de enero en curso se expidió el auto de *certiorari* a petición de la viuda y las partes fueron oídas por escrito y oralmente el 17.

No tenemos que estudiar y resolver si el hijo natural reconocido fué aceptado como tal y declarado heredero debidamente o no por la corte de distrito. Dicha cuestión será estudiada y resuelta en la apelación. Debemos partir de la base de la existencia de un hijo natural reconocido y de la viuda como únicos y universales herederos. El procedimiento sobre nombramiento de síndico será el solo objeto de nuestra revisión.

¿Actuó la corte de distrito de acuerdo con la ley que rige la materia? En el caso de que hubiera actuado de acuerdo con la ley ¿hizo buen uso de su discreción? Veámoslo.

Ante la corte se inició el procedimiento sobre declaratoria de herederos a que nos hemos referido. Dictada en él la resolución final, se presentó la petición de síndico, como sabemos. Y dentro del mismo procedimiento fué resuelta favorablemente.

Es cierto que existe una ley general aprobada en 1904, artículo 182 y siguientes del Código de Enjuiciamiento Civil, que autoriza a las cortes de distrito a nombrar síndicos, pero lo es también que existe otra ley aprobada en 1905 titulada ley referente a procedimientos legales especiales que comprende todas las materias relativas a los juicios de tes-

tamentaría y abintestato y que contiene preceptos claros y amplios sobre la administración de los bienes de los finados.

El capítulo tercero de dicha ley trata de la declaratoria de herederos, el cuarto de los bienes de los finados sin parientes conocidos, el quinto de la administración judicial en general de los bienes de· un finado, el sexto del· inventario de los bienes y el séptimo vuelve a tratar de la administración. Todo es detallado y tiende a asegurar la conservación y debida administración de los bienes. Se da intervención a todas las partes. El cónyuge sobreviviente se indica en primer término para administrador, o la persona con mayor interés. Es cuando ellos no existen, o existiendo no tienen la capacidad necesaria, o se presentan objeciones, que el juez nombra administrador a un extraño.

No hay motivo alguno justificado para dejar a un lado el procedimiento especial y adecuado establecido por la ley y ello por sí sólo bastaría para anular la orden nombrando el síndico de que se queja la peticionaria.

Pero aun partiendo de la base de que el nombramiento de un síndico sea el procedimiento a seguir y que un síndico puede ser nombrado exparte y sin exigir fianza al peticionario, aun así entendemos que las circunstancias que concurren examinadas a la luz de la jurisprudencia establecida en los casos de *Balasquide* v. *Rossy,* 18 D.P.R. 33 y *González* v. *Benítez Flores* 29 D.P.R. 301, imponen a este tribunal el deber de anular el nombramiento. Bastará exponer dichas circunstancias en forma condensada.

Conocemos los antecedentes relativos a la declaratoria de herederos. De la petición sobre nombramiento de síndico presentada por el hijo natural resulta que los bienes de la herencia montan a $115,275.47 sin incluir el ganado, y consisten en varias fincas, en café por valor de más de trece mil dólares, en dinero en los bancos, etc. Todos los bienes estaban en poder de la viuda que había sido la compañera del finado por cerca de treinta años. Y sin notificarla, ni

oirla, ni darle en modo alguno oportunidad de defenderse, a virtud de una simple petición jurada del hijo natural reconocido en la cual se hacen graves imputaciones a la viuda como las de que se está apoderando del dinero efectivo y disponiendo para su solo beneficio de los bienes de la herencia, se priva a dicha viuda de la posesión y se entrega la totalidad de los bienes a un síndico nombrado por la corte al que se exige una fianza de diez mil dólares.

Las tres cuestiones previas suscitadas por José Agustín Vincenty en el acto de la vista del *certiorari* carecen de importancia.  Una fué abandonada y las otras dos,—no solicitarse el auto en debida forma y no alegarse que se agotaran los recursos en la corte inferior,—están resueltas en los casos de *Marín* v. *Corte Distrito* 30 D.P.R. 96, 100 y *González* v. *Benítez Flores, supra.*

*Debe anularse la orden de 7 de enero actual nombrando el síndico y devolverse los autos para ulteriores procedimientos no inconsistentes con esta opinión.*