ARTEMIO CAMACHO, peticionario, *v.* CORTE DE DISTRITO DE HUMACAO, HON. R. ARJONA, JUEZ, demandada

No. 831.—*Sometido:* Junio 13, 1932. *Resuelto:* Junio 23, 1932.

*A. L. López,* abogado del peticionario; *Luis Muñoz Morales,* abogado de la demandante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

El artículo 182 del Código de Enjuiciamiento Civil autoriza el nombramiento de un síndico después de sentencia para conservar los bienes litigiosos mientras se resuelva la apelación. Como resultado de una alegación de que en el caso presente ese nombramiento se había basado en el testi-

monio de un solo testigo al efecto de que la casa en cuestión necesitaba pintura y que el balcón de la misma estaba algo deteriorado, este Tribunal expidió un auto de *certiorari.*

De la transcripción de la evidencia aducida en la vista en la corte de distrito aparece que el testigo aludido declaró que la casa estaba en muy malas condiciones; que cuando la misma pasó a la posesión de Artemio Camacho, peticionario en este procedimiento, unos dos años antes de la fecha de la vista sobre la solicitud de nombramiento de síndico, estaba pintada y en buenas condiciones; que al tiempo de la vista la mitad del balcón de hierro y la parte posterior de la casa habían desaparecido; que algunas de las puertas se habían perdido; que eran menester más de quinientos dólares para efectuar las reparaciones necesarias; que durante el tiempo de la estancia de Camacho no se habían hecho reparaciones; y que la casa se estaba deteriorando constantemente.

La demandante en la acción original había sido declarada dueña de la propiedad de que se trata, y, en vista de la situación descrita por el testimonio arriba bosquejado, no hallamos abuso de discreción en el nombramiento de un síndico.

En *Schlüter* v. *Texidor,* 26 D.P.R. 107, la solicitud sobre nombramiento de síndico fué hecha bajo el inciso 5 del artículo 182, *suprá,* que autoriza tales nombramientos ''en todos los demás casos en que como hasta el presente se han nombrado síndicos, conforme a los usos de las cortes de equidad,'' pero no bajo la autoridad específica del inciso 3 de ese artículo, como en el presente caso. Un examen cuidadoso de la opinión en el caso de Schlüter y de la del de *González* v. *Benítez Flores,* 29 D.P.R. 307, también citado por el peticionario, bastará para distinguir esos casos del presente, por sus hechos.

*Debe anularse el auto expedido.*