MADERA, PETICIONARIO, *v.* CAMPILLO, JUEZ DE DISTRITO,
DEMANDADO.

SOLICITUD para que se expida un auto de *certiorari* contra el
Juez de la Corte de Distrito de San Juan, Primer Distrito,
en incidente sobre aseguramiento de sentencia, pleito so-
bre disolución de sociedad.

No. 341.—Resuelto en marzo 7, 1922.

*Certiorari*—MOTIVO PARA INVOCAR LA JURISDICCIÓN DEL TRIBUNAL SUPREMO.—La
cuestión de que un procedimiento para aseguramiento de sentencia no haya
sido substanciado en pieza separada no es suficiente para invocar la juris-
dicción del Tribunal Supremo para expedir autos de *certiorari*.

ASEGURAMIENTO DE SENTENCIA—CITACIÓN—NOTIFICACIÓN.—La citación que exige
la sección 14 de la Ley de marzo 1, 1902, sobre aseguramiento de sentencias,
se refiere a una comparecencia para la práctica de pruebas sobre las alega-
ciones hechas en el procedimiento, pero no implica una notificación al deudor
como requisito previo a la expedición de la orden de aseguramiento.

*Certiorari*—JURISDICCIÓN EXTRAORDINARIA DE LA CORTE SUPREMA—ALEGACIÓN NE-
CESARIA EN LA SOLICITUD DE *Certiorari*.—Cuando en un caso como el presente
la cuestión principal que da origen al *certiorari* es que la corte de distrito
ordenó el aseguramiento de sentencia sin previa notificación a la parte con-
traria, antes de invocar la jurisdicción extraordinaria de la Corte Suprema,
el peticionario, como regla general, deberá mostrar que agotó infructuosa-
mente todos sus recursos en la corte inferior.

Los hechos están expresados en la opinión.
Abogados del peticionario: *Sres. Texidor y de la Haba.*
Abogado de la parte contraria: *Sr. R. Rivera Zayas.*
EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

El peticionario alegó haberse obtenido un aseguramiento
de sentencia contra él sin hacérsele ninguna citación ni que
el procedimiento se substanciara en pieza separada. El pre-
cepto legal en el cual se funda es la sección 14 de las leyes de
1902, sección 382 de los Estatutos Revisados de ese año, la
cual es como sigue:

"Todas las pretensiones que se dedujeren por cualquiera de las
partes en el curso del juicio con relación al aseguramiento de sen-
tencia, se sustanciarán en pieza separada, dándose traslado a la parte
contraria, con citación para una comparecencia ante cualquiera de
los jueces, en la cual se propondrán y practicarán las pruebas que
cada una de las partes propusiere y fueren pertinentes, resolvién-

dose acto seguido por el tribunal la cuestión propuesta, sin que en ningún caso tales cuestiones sean obstáculos para la continuación del pleito principal. Entre la citación y la comparecencia de estos juicios verbales no mediará un término mayor de cinco días, y no se suspenderá la celebración de los mismos por ningún motivo. Toda resolución del tribunal será ejecutoria desde luego, pudiendo consignarse por la parte perjudicada la oportuna protesta, a los efectos del recurso que la Ley de Procedimientos le conceda contra la sentencia definitiva.''

En la versión inglesa no se hace alusión alguna a pieza separada, pero sea o no sustanciado así el procedimiento, no es razón suficiente para invocar la jurisdicción especial de este tribunal.

Respecto a la cuestión de la citación estamos convencidos de que no fué la idea de la Ley de marzo 1, 1902, exigir que un aseguramiento sea notificado primero al deudor antes de expedirse. Si tal notificación fuera necesaria, el fin principal de la ley, o sea el aseguramiento, podría quedar anulado. En ninguna otra parte que sepamos, requiere un estatuto sobre embargos la notificación previa al deudor, aunque frecuentemente se exige fianza en garantía del deudor. Ambos textos, el inglés y el castellano, en sus términos no se refieren a la expedición del aseguramiento mismo, sino a una controversia que surge de *"allegations"* en inglés y ''pretensiones'' en castellano. Nada hay que indique la intención de una notificación primaria. Es cierto que en este caso el aseguramiento no se solicitó junto con la demanda sino que se decretó después de formulada la contestación, pero no existe nada en la ley que exija que el aseguramiento se libre inmediatamente. Por el contrario, la idea de la ley es hacer efectiva la sentencia una vez dictada. No encontramos que haya habido error de procedimiento.

Aún cuando tuviéramos duda no dejaríamos en vigor el auto en este caso porque del record no aparece que se hiciera ninguna solicitud en la corte inferior para corregir, modi-

ficar o anular su orden.    Antes de que pueda ser invocada nuestra jurisdicción extraordinaria en un caso como el presente, el peticionario debe acreditar que trató de agotar sus remedios en la corte inferior.

El auto debe ser anulado.

*Anulado el auto expedido.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.