The National City Bank of New York, peticionario, *v.* Hon. Rafael Arjona Siaca, Juez de la Corte de Distrito de Humacao, demandado.

No. 933.—*Sometido:* Noviembre 6, 1933. *Resuelto:* Noviembre 28, 1933.

*E. T. Fiddler* y *José G. González,* abogados del peticionario; *L. Llorens Torres,* abogado de una de las partes en el pleito principal.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

La cuestión envuelta en este caso es la de si el aseguramiento de sentencia decretado por la Corte de Distrito de Humacao pudo serlo sin fianza y pudo extenderse a ordenar la suspensión de una subasta y la entrega de la posesión de los bienes que debían subastarse al demandante.

El auto solicitado fué expedido y las partes interesadas radicaron alegatos e informaron oralmente. Uno de los argumentos del demandante en el pleito en que la medida de aseguramiento fué adoptada para pedir a esta corte que anule el auto expedido fué el de que no se ha dado oportunidad al Juez de Distrito para decidir en primera instancia las cuestiones suscitadas por vez primera ante esta Corte Suprema. Cita el caso de *Las Monjas* v. *Corte de Distrito,* 40 D.P.R.

294, 296, en el que esta corte por medio de su Juez Asociado Sr. Wolf, se expresó así:

"De conformidad con la Ley de marzo 10, 1904, este Tribunal queda autorizado para librar autos de *certiorari* en aquellos casos en que el procedimiento adoptado no está de acuerdo con las prescripciones de la ley. La experiencia y la costumbre han demostrado que debe procederse parcamente al expedirse el auto. Aún más parcamente debe invocarse nuestra facultad antes de que las cuestiones a dilucidar hayan sido sometidas libremente a la corte inferior para su fallo. Por regla general, aun cuando el procedimiento adoptado no esté de acuerdo con las prescripciones de la ley, debe dársele oportunidad a la corte de distrito para corregir una actuación improcedente antes de recurrirse a este Tribunal."

Por los alegatos y los informes hemos podido cerciorarnos de que las cuestiones envueltas son de importancia y por los autos de que la corte de distrito no ha tenido la oportunidad de decidirlas después de argumentadas debidamente ante ella.

Es cierto que de modo positivo consignó la corte de distrito en su orden que decretaba el aseguramiento sin fianza porque la solicitud constaba en documento auténtico, una hipoteca sobre bienes muebles, solicitándose la nulidad del procedimiento seguido para ejecutarla por ser anticonstitucional la ley que lo autoriza y por tratarse en verdad, según aparecía del propio documento, de una obligación de fianza no solidaria. Pero eso lo dijo la corte el propio día en que se inició el pleito y se pidió el aseguramiento y sin oír a la parte contraria.

Otro de los argumentos que adujo la dicha parte demandante para pedir que se anulara el auto de *certiorari* expedido fué el de que existía el remedio ordinario de apelación contra la resolución de la corte de distrito de que se queja el banco demandante, existiendo además el procedimiento que fija la propia Ley de Aseguramiento de Sentencias que era el verdaderamente apropiado para ventilar en la corte *a quo* la cuestión que se suscita.

En efecto, la sección 14 de la Ley sobre Aseguramiento de 1902 expresamente determina que:

"Todas las pretensiones que se dedujeren por cualquiera de las partes en el curso del juicio con relación al aseguramiento de sentencia, se sustanciarán en pieza separada, dándose traslado a la parte contraria, con citación para una comparecencia ante cualquiera de los jueces, en la cual se propondrán y practicarán las pruebas que cada una de las partes propusiere y fueren pertinentes, resolviéndose acto seguido por el tribunal la cuestión propuesta, sin que en ningún caso tales cuestiones sean obstáculos para la continuación del pleito principal. Entre la citación y la comparecencia de estos juicios verbales no mediará un término mayor de cinco años, y no se suspenderá la celebración de los mismos por ningún motivo."

Previó el legislador el caso, y el procedimiento que fijó es el que debe seguirse a menos que circunstancias especialísimas que en este caso no concurren exigieran una intervención inmediata de esta corte por medio de un recurso extraordinario.

Decimos que esas circunstancias especialísimas no concurren en este caso concreto porque nos parece que el contrato mismo de hipoteca y la ley que lo autoriza ofrecen tal garantía sobre la conservación de la propiedad hipotecada que difícilmente podría arriesgarse a eludirla el deudor.

Bajo cualquier aspecto que el caso se considere, la lógica y justa resolución que se impone es la de anular el auto de *certiorari* expedido y devolver el pleito a la corte de distrito de su origen para que continúe actuando en el mismo de acuerdo con la ley. Si el peticionario insiste en su criterio, podrá suscitar ante ella la cuestión o cuestiones que ha suscitado ante nosotros, teniendo así la corte no sólo la oportunidad de resolverlas como debe resolverlas en primera instancia, si que además estando en mejores condiciones que nosotros para hacerlo, ya que en el juicio verbal que autoriza la ley especial sobre la materia es permisible la práctica de pruebas.

El Juez Asociado Señor Córdova Dávila no intervino.