José María González, peticionario, *v.* Corte de Distrito de Humacao, Hon. R. Arjona Siaca, Juez, demandada.

Núm. 1166.—*Sometido:* Marzo 6, 1939. *Resuelto:* Marzo 10, 1939.

*F. González Fagundo* y *Guillermo E. González,* abogados del peticionario; *Luis Lloréns Torres,* abogado del interventor, demandado en el pleito principal.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

El 21 de julio de 1937 José María González instó un procedimiento ejecutivo hipotecario contra Juan Lastra Chárriez, en la Corte de Distrito de Humacao. Acompañó el escrito inicial de los documentos que exige la ley, y el juez, con vista de la petición y de dichos documentos, dictó al siguiente día el auto de requerimiento. Requerido de pago el demandado el 29 del mismo mes, el 30 de agosto siguiente radicó en dicha corte de distrito una moción interesando que se dejase sin efecto el auto de requerimiento, moción que notificó a la parte contraria el mismo día de su radicación.

Se señaló el 6 de septiembre último para la discusión de la moción del demandado, y en dicho día, luego de oír a las partes, les concedió la corte diez días alternados para la presentación de alegatos y cinco días al demandado para rectificar.

El 30 de enero último, la corte de distrito resolvió la moción del demandado por la siguiente resolución:

"Estudiadas detenidamente las cuestiones planteadas por el demandado en este procedimiento sumario; considerando que las mismas hacen referencia al vencimiento, certeza, extinción y cuantía de la deuda objeto del mismo; y estimando que en estas condiciones, aun cuando el criterio personal del Juez que suscribe se inclina a coincidir con el de dicho demandado en la mayor parte de las cuestiones planteadas, no son las mismas materia propia de resolución en este procedimiento por el imperio del artículo 175 del Reglamento para la ejecución de la Ley Hipotecaria vigente, se declara sin lugar la moción del demandado para que se deje sin efecto el auto de requerimiento expedido en este caso."

Antes de que la corte de distrito dictara la resolución transcrita, el demandante, con fecha 3 de noviembre de 1938, mediante moción al efecto, solicitó que se dictara la correspondiente orden para la venta en pública subasta de la finca hipotecaria. No se proveyó esta moción hasta el 8 de febrero último, en que por el otro Juez de la Corte de Distrito de Humacao, Sr. García Quiñones, se dictó la orden de remate. Después de dictada la orden decretando la subasta, el demandado, con fecha 13 del mes pasado, radicó una extensa moción argumentada solicitando que se reconsiderase la resolución de 30 de enero último anteriormente transcrita. No habiendo dictado la corte providencia alguna acerca de la moción de reconsideración, el 20 de febrero de 1939 solicitó el demandado que se señalase día y hora para ser oído y a la vez se decretase la suspensión del procedimiento hasta que su moción fuese resuelta en definitiva. Proveyendo esta última moción del demandado, la Corte de Distrito, por su Juez Sr. Arjona, quien fué el que expidió el auto de requerimiento, dictó la siguiente orden:

"Vista la moción del demandado en este caso, radicada en el día de hoy y en la que solicita de esta Corte señale día y hora para la discusión de la moción de reconsideración interpuesta, y a la vez solicitando la suspensión de todo procedimiento hasta la resolución definitiva de la moción ya referida, se declara con lugar dicha moción y en su virtud se señala el día 28 de febrero de 1939, a la 1:30 de la tarde y en el salón de sesiones de la Corte Municipal de Humacao, P. R., para oír a las partes sobre la moción de reconsideración, quedando en suspenso todo procedimiento en este caso hasta que se resuelva en definitiva la moción de reconsideración, debiendo el Márshal suspender toda actuación suya en relación con la subasta que tiene anunciada en este caso."

Contra esta resolución interpuso el demandante el presente recurso de *certiorari,* fundándolo en que la corte inferior carece de facultad para suspender el procedimiento ejecutivo hipotecario de este caso, por no hallarse la contención del demandado comprendida en ninguna de las tres excepciones que taxativamente enumera el artículo 175 del Reglamento de la Ley Hipotecaria, según fué enmendado por la Ley número 81 de 13 de mayo de 1936 (Leyes de ese año, (1) pág. 433), y que por el contrario se halla expresamente prohibida la suspensión del procedimiento en tales casos por el citado artículo 175.

El artículo 175 del reglamento, según ha sido enmendado, en lo pertinente dice así:

"Los procedimentos sumarios a que se refiere esta sección, no podrán suspenderse por medio de incidentes ni por otro alguno, a instancia del deudor, del tercer poseedor, ni de ningún otro que se presente como interesado, salvo en los siguientes casos:

"1. Si se justificare documentalmente la existencia de un procedimiento criminal por falsedad del título hipotecario en cuya virtud se proceda, en que se haya admitido querella o dictado auto de procesamiento.

"2. Si se interpusiere una tercería de dominio, acompañando inexcusablemente con ella título de propiedad de la finca de que se trate, inscrito a favor del tercerista con fecha anterior a la inscripción del crédito del ejecutante y no cancelado en el registro.

"3. Si se presentare certificado del registrador, expresivo de quedar cancelada la hipoteca en virtud de la cual se proceda, o copia auténtica de la escritura pública de cancelación de la misma, con la nota de presentación en alguno de los registros en donde se haya de tomar razón de ella, otorgada por el actor o por sus causantes o causahabientes, acreditándose también documentalmente el título de transmisión en su caso.

" .      .      .      .      .      .      .      .      .      .      .

"Todas las demás reclamaciones que puedan formular, así el deudor como los terceros poseedores y los demás interesados, *incluso las que versaren sobre nulidad del título o de las actuaciones, o sobre vencimiento, certeza, extinción o cuantía de la deuda, se ventilarán en el juicio plenario que corresponda, sin producir nunca el efecto de suspender ni entorpecer el procedimiento ejecutivo;* pero los efectos de tales reclamaciones quedarán sujetos a lo dispuesto en el artículo 34 de la Ley Hipotecaria en lo que respecta a terceros adquirentes, si del registro no resultasen claramente los motivos de la acción ejercitada. La competencia para conocer de este juicio declarativo se determinará por las reglas ordinarias." (Bastardillas nuestras.)

No obstante, de los autos y de la resolución recurrida aparece que el juez no ha resuelto la moción de reconsideración y que sólo se ha limitado a señalar día para oír a las partes, e incidentalmente, y a fin de que su resolución no pudiese resultar luego académica, suspendió el procedimiento ejecutivo que se hallaba en trámite de subasta, mientras resolvía en definitiva sobre la procedencia de la moción de reconsideración.

El peticionario, al radicar su petición de *certiorari,* lo hizo, a nuestro juicio, prematuramente. Debió dar una oportunidad a la corte inferior de resolver la moción, y si la resolución le era adversa y la estimaba errónea, recurrir entonces para ante este tribunal. En el caso de *Las Monjas Racing Corporation* v. *Corte de Distrito,* 40 D.P.R. 294, 296, citado con aprobación en *National City Bank of N. Y.* v. *Corte,* 45 D.P.R. 777, este tribunal, tratando de la improcedencia del recurso de *certiorari* cuando la corte inferior no ha tenido

oportunidad de resolver en definitiva la cuestión planteada ante ella, ha dicho lo siguiente:

"De conformidad con la Ley de marzo 10, 1904, este Tribunal queda autorizado para librar autos de *certiorari* en aquellos casos en que el procedimiento adoptado no está de acuerdo con las prescripciones de la ley. La experiencia y la costumbre han demostrado que debe procederse parcamente al expedirse el auto. Aún más parcamente debe invocarse nuestra facultad antes de que las cuestiones a dilucidar hayan sido sometidas libremente a la corte inferior para su fallo. Por regla general, aún cuando el procedimiento adoptado no esté de acuerdo con las prescripciones de la ley, debe dársele oportunidad a la corte de distrito para corregir una actuación improcedente antes de recurrirse a este Tribunal. En realidad, la peticionaria, según revelan los autos, presentó una moción para anular la orden de embargo, pero aparentemente la peticionaria asumió que la decisión de la corte inferior le sería adversa. Si la peticionaria tenía una defensa válida contra la orden de embargo, si en realidad de verdad la corte no tenía jurisdicción, la presunción ordinaria sería que la corte de derecho fallaría a su favor. Cuando, después de oír a ambas partes, una corte ha tomado una posición definida en un caso pendiente o en uno similar, hay alguna base; pero sin tal condición previa, por lo general debe denegarse un auto de *certiorari* cuando a la corte inferior no se le ha dado oportunidad de resolver la cuestión principal. Nunca podría asumirse que cuando la corte inferior carezca en absoluto de jurisdicción, un letrado hábil no pueda convencerla de tal estado de cosas. Sin dar a la corte esa oportunidad de oír a las partes y fallar, podría dudarse seriamente que hubiera derecho a decidir que el procedimiento no se ajusta a las disposiciones de la Ley. La regla es que las cuestiones en controversia deben someterse a la corte de primera instancia."

Véase también *Madera* v. *Campillo, Juez de Distrito,* 30 D.P.R. 163, en el cual se establece que antes de recurrir a este tribunal por medio de *certiorari* el peticionario debe agotar sus recursos en la corte de jurisdicción original.

Es verdad que en el caso de *González et al.* v. *Benítez Flores, Juez de Distrito,* 29 D.P.R. 301, 304, se dijo lo siguiente:

"Convenimos en que la práctica buena y corriente debe ser la de que si el peticionario puede obtener la solución de su problema por medio de una solicitud a la propia corte en que esté pendiente el asunto principal, no debe librarse por esta Corte Suprema el auto de *certiorari*. Pero esa regla tiene excepciones y no es obligatoria para este tribunal que está investido de una amplia discreción para expedir autos de esta naturaleza. Generalmente no se debe acudir a las cortes de apelación antes de agotar en las de jurisdicción original los procedimientos. Pero si las cortes de apelación se convencen de que la justicia del caso requiere su intervención inmediata, no deben dilatarla. Y esta corte consideró que la solicitud aquí presentada envolvía un caso de tal naturaleza. Además no debe perderse de vista que cuando se habla de la existencia de otros recursos para negar el *certiorari* generalmente se refiere la jurisprudencia a recursos de apelación.''

Pero no es menos cierto que en dicho caso se trataba del nombramiento de un síndico sin prestación de fianza, lo que requería la inmediata intervención de esta corte para evitar los daños que pudieran causárseles a los peticionarios al privarles de su propiedad y ponerla en manos de un extraño sin siquiera tener la garantía de una fianza para indemnizar cualquier perjuicio que pudiera irrogárseles.

En el presente caso no hay el peligro que existía en el caso de *González* v. *Benítez Flores,* supra. Todo el perjuicio que puede causársele al demandante es la dilación a que puede sometérsele mientras el juez de distrito resuelve la moción de reconsideración; pero teniendo en cuenta que el procedimiento ejecutivo fué radicado el 21 de julio de 1938 y que dicho procedimiento por su naturaleza es un procedimiento sumario rápido, no dudamos que el juez de la corte inferior, teniendo en cuenta todas estas circunstancias, actuará rápidamente al resolver la moción de reconsideración, evitando así los perjuicios que una innecesaria dilación pudiera causar al peticionario.

La suspensión del procedimiento mientras se resuelve la moción de reconsideración no infringe, a nuestro juicio, la prohibición contenida en el artículo 175 del reglamento, pues

no se trata de una suspensión definitiva sino simplemente de una meramente temporal y en evitación de que la resolución de la corte pueda resultar académica e ilusoria.

*Por lo expuesto, procede por ahora anular el auto expedido y devolver el caso a la corte inferior para que resuelva en definitiva la moción de reconsideración pendiente ante ella.*