GLENS FALLS INDEMNITY CO., CITIES DELIVERY EXPRESS, INC. y CRISTINO COLÓN SOTO, peticionarios, *v.* CORTE DE DISTRITO DE AGUADILLA, HON. ENRIQUE S. MESTRE, JUEZ, demandada.

Núm. 1269.—*Sometido:* Enero 19, 1942. *Resuelto:* Enero 28, 1942.

*José López Baralt* abogado de los peticionarios; *García Méndez & García Méndez,* abogados del interventor, demandante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Oímos este recurso de *certiorari* radicado contra la Corte de Distrito de Aguadilla. El pleito original en la corte inferior solicitaba supuestos daños provenientes de un accidente de automóvil. El pleito original fué radicado contra el chófer del *truck* en cuestión, la compañía del *express,* que era la dueña del truck y de la cual el chófer era empleado, y la peticionaria en este caso, una compañía aseguradora.

Los peticionarios se quejan de la resolución de la corte inferior sosteniendo que el demandante en el recurso original tenía derecho a una sentencia sobre las alegaciones debido a que la moción eliminatoria y la excepción previa de los peticionarios eran frívolas. Esa misma resolución ordenaba una vista para determinar la cuantía de los daños únicamente.

Creemos que es innecesario y poco deseable entrar ahora en los méritos de este caso, en vista de la moción de reconsideración radicada por los peticionarios en la corte inferior. Habiendo los peticionarios elegido solicitar la reconsideración de dicha orden antes de radicar su petición de certiorari en esta corte, deben conceder a la corte inferior la oportunidad de resolver dicha moción antes de recurrir a este tribunal con un procedimiento extraordinario como el certiorari (*González* v. *Corte de Distrito*, 54 D.P.R. 489). El hecho de que el juez en propiedad estuviera de vacaciones al tiempo de radicarse la moción de reconsideración no altera nuestra conclusión. Como cuestión de hecho el récord demuestra que un juez sustituto fué en realidad nombrado con tiempo suficiente para resolver la moción de reconsideración si no se hubiera radicado la presente solicitud.

Sin embargo, nos sentimos obligados a decir que si no estuviera pendiente la moción de reconsideración en la corte inferior, nos sentiríamos inclinados a convenir con la contención de los peticionarios. Según éstos indican, en un caso similar resuelto recientemente en la misma corte de distrito por el mismo juez, este último declaró con lugar una moción para eliminar más o menos las mismas palabras. Sin embargo, en este caso el mismo juez decidió que una moción similar era frívola. Además, la excepción previa, aunque de primera instancia fué dirigida, desde luego, contra las alegaciones, sugería el punto importante de responsabilidad ulterior de parte de la compañía aseguradora, peticionaria en este recurso. Los peticionarios parecen tener

derecho a levantar esta cuestión tanto en las alegaciones como en la prueba. Realmente los autos reflejan que los peticionarios habían realizado otros esfuerzos substanciales para asegurarse que este mismo punto sería determinado judicialmente radicando un recurso de sentencia declaratoria en la Corte de Distrito de San Juan contra la compañía del express y el demandante en el caso original de daños y perjuicios, solicitando una sentencia declaratoria al efecto de que la compañía aseguradora, peticionaria en este recurso, no estaba obligada a defender el caso original de daños y perjuicios o satisfacer cualquier sentencia dictada en el mismo, porque la compañía del express no había cumplido con una de las cláusulas de la póliza por haber dejado de notificar el accidente a la compañía aseguradora.

No es nuestro deseo que esta parte de nuestra opinión sea interpretada como insinuando en manera alguna que la corrección del fallo de la corte inferior sobre la moción para eliminar y sobre la excepción previa está siendo considerada ahora por la corte en sus méritos. Ambas partes admiten que eso no puede hacerse mediante certiorari. Lo que hemos hecho es indicar por qué encontramos dificultad en declarar frívolas la moción eliminatoria y la excepción previa de los peticionarios, fuera de los méritos de sus alegaciones

▇ Alegan asimismo los peticionarios que ningún caso resuelto por este tribunal ha autorizado hasta la fecha una moción solicitando sentencia sobre las alegaciones en un caso de daños y perjuicios en donde los daños están necesariamente sin liquidar. Siendo innecesario pasar sobre este punto en el presente caso, expresamente lo dejamos pendiente.

*Debe anularse el auto expedido y devolverse el caso a la corte inferior para que resuelva la moción de reconsideración.*

El Juez Asociado Sr. Travieso no intervino.