AUTORIDAD DE LAS FUENTES FLUVIALES DE PUERTO RICO, peticionaria, *v.* CORTE DE DISTRITO DE BAYAMÓN, HON. FERNANDO GALLARDO, JUEZ, demandada.

Núms. 1640, 1641, 1642.—*Sometidos:* Abril 17, 1946. *Resueltos:* Abril 24, 1946.

*Gabriel Guerra Mondragón, C. Domínguez Rubio, José Vila Ruiz y Antonio M. Bird,* abogados de la peticionaria; *E. Martínez Rivera, Luis Blanco Lugo* y *F. Fornaris, Jr.,* abogados de los interventores, demandantes en los pleitos principales.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA emitió la opinión del tribunal.

La peticionaria en los tres casos del epígrafe, demandada en tres casos de daños y perjuicios ante la corte recurrida, solicitó de las partes demandantes ciertas especificaciones,

algunas de las cuales fueron concedidas y otras denegadas en resolución de la corte inferior de enero 18 de 1946. Posteriormente, señalado ya el caso para juicio, sometió la peticionaria interrogatorios a los demandantes, se opusieron éstos y celebrada la vista se declararon en su mayor parte sin lugar, en resolución del 12 de abril de 1946, por entender la corte que las preguntas ya habían sido rechazadas en la resolución sobre especificaciones de 18 de enero de 1946.

La peticionaria solicita expidamos auto de *certiorari* para revisar la resolución de la corte inferior denegando los interrogatorios. Recalca la diferencia entre interrogatorios y especificaciones,([1]) y el error de la corte al confundir las dos cosas y al entender que, rechazada la solicitud sobre determinada especificación, ello resuelve que en un interrogatorio no puede hacerse una pregunta que abarque el mismo extremo. Pero es que, según aparece de la transcripción de la vista acompañada a las solicitudes de certiorari, la peticionaria compartió, sino causó, la confusión de la corte. No se le informó a la corte que en la vista del 12 de abril se trataba de algo distinto a lo que se resolvió en 18 de enero. Por el contrario, al preguntar la corte "¿Estas preguntas no se pidieron antes?", sobrevino el siguiente diálogo:

"Demandada: Sí, señor Juez, y estamos dispuestos a discutirlas.

"La Corte: La Corte cree que no impide discutirlas de nuevo. Ahora la Corte quiere decirle al compañero que la Corte no ha variado de criterio. Y quiero preguntarle a su Señoría si las preguntas que le está haciendo ahora a la otra parte fueron ya objeto de un *ruling* de esta Corte.

"Demandada: Hay algunas aquí que antes no fueron objeto de *ruling* alguno de la Corte.

"La Corte: . . . la Corte no va a estar discutiendo la misma cuestión tres o cuatro veces.

(1)Véase la Regla 33 de las de Enjuiciamiento Civil; 2 Moore's *Federal Practice* 2608 *et seq.;* y *Stanley Co.* v. *American Telephone & Telegraph Co.,* 5 F. Supp. 380, donde se enfatiza la diferencia entre especificaciones e interrogatorios, denegándose las especificaciones y permitiéndose interrogatorios que versaban sobre los mismos hechos.

"Demandada: . . . el hecho de que hayan sido discutidas anteriormente y de que fueran declaradas sin lugar algunas o todas las preguntas no impide el que se vuelvan a solicitar, que tenemos el derecho de solicitar el interrogatorio, aunque reconocemos que es amplia la discreción que tiene el tribunal en conceder o denegar los particulares que se solicitan por medio de un interrogatorio, aunque sean las mismas preguntas.

"La Corte: . . . Lo que pasa es que la Corte tiene la creencia que cuando se discutió anteriormente este interrogatorio, la cuestión de su procedencia fué ampliamente discutida por las partes, y que la Corte declaró con lugar algunas de las preguntas y declaró sin lugar otras, y dió su *ruling,* y ese *ruling* del tribunal no ha variado. . . . .

"Demandada: Solicitamos la reconsideración de la resolución de Vuestro Honor.

"La Corte: Sin lugar."

De lo expuesto puede verse que la peticionaria no informó adecuadamente a la corte inferior de la naturaleza del asunto que deseaba plantear, y permitió que la corte creyera que se trataba sencillamente de la reproducción de una solicitud que ya se había declarado sin lugar, y resolviera a base de esa creencia. La solicitud de una reconsideración, *pro forma,* no ayudó en nada a la corte a enterarse de la verdadera pretensión de la peticionaria.

De la transcripción que acompaña la peticionaria a su solicitud resulta que pidió a la corte inferior reconsiderara su resolución con el fin de sentar las bases para revisar la resolución por certiorari. Su actuación en este sentido obedeció indudablemente a una apreciación errónea de la jurisprudencia de este Tribunal respecto al recurso de certiorari. El que se solicite o no de la corte inferior reconsidere la resolución que se interesa revisar mediante certiorari no es de por sí importante. Lo que es importante es que se brinde a la corte inferior una oportunidad adecuada de resolver la cuestión que se desea plantear en el recurso de certiorari. *Giménez* v. *Corte,* 56 D.P.R. 236; *González* v. *Corte,* 54 D.P.R. 489; *National City Bank of New York* v. *Corte,* 45 D.P.R. 777; *Las*

*Monjas Racing Corp.* v. *Corte,* 40 D.P.R. 294. Si la corte ha tenido esa oportunidad, huelga la moción de reconsideración. Si la corte no ha tenido esa oportunidad, y la moción de reconsideración no se la brinda, nada se gana con hacerla.

En los casos de autos, resulta de las solicitudes y de los documentos que a ellas se acompañan que la corte recurrida no ha tenido una oportunidad adecuada de resolver la cuestión que la peticionaria desea plantear ante este tribunal. De las solicitudes no se desprenden hechos que justifiquen el que nos apartemos de la regla general de que, en tales circunstancias, no procede el certiorari. *Deben por lo tanto declararse sin lugar las solicitudes de certiorari.*