BONILLA, DEMANDANTE Y APELADO, *v.* SANTIAGO, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda, en pleito sobre cobro de dinero.

No. 2479.—Resuelto en marzo 20, 1922.

ASEGURAMIENTO DE SENTENCIA SIN FIANZA—DOCUMENTOS AUTÉNTICOS—AFFIDAVITS.—En el presente caso el notario consignó al pie de un pagaré: "Affidavit No. 852. Certifico que en el día de hoy, julio 21 de 1919, Angel Santiago, vecino de San Juan, industrial, viudo, y por mí conocido personalmente, declaró que adeuda a don Juan Bonilla, la cantidad de quinientos dólares ($500.00) y sus intereses que consignó en este pagaré el 26 de junio próximo pasado y Manuel Ledesma declaró ante mí y el testigo Eleuterio Vázquez que él hizo este documento por orden de Angel Santiago. Doy fe en San Juan a 21 de julio de 1919. (Firmado) Carlos V. Urrutia, Notario Público," *Se resolvió:* que tal declaración del deudor no es la declaración a que se refiere el artículo 3 de la Ley de 12 de marzo de 1903 sobre declaraciones juradas sino el reconocimiento que convierte la obligación en auténtica y da derecho al acreedor para obtener el aseguramiento de la sentencia sin necesidad de prestar fianza.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. A. Lastra.*

Abogado del apelante: *Sr. J. Martínez Dávila.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Juan Bonilla demandó a Angel Santiago en cobro de dinero y solicitó embargo de sus bienes para asegurar la efec-

tividad de la sentencia, el cual fué decretado por la corte sin exigir fianza al demandante.

El documento que sirve de base a la demanda y a la petición de embargo dice así:

"Debo y pagaré a Don Juan Bonilla, la cantidad de quinientos dollars moneda corriente que dicha cantidad será satisfecha en el plazo de un año empezando desde el mes de junio 26 de 1919 hasta junio del año 1920 y dicho documento es garantido con un documento de la misma procedencia a este de una finca que vendí en el barrio de Toa Alta. Y para que conste extiendo este en San Juan, 26 de junio de 1919, 'dicha cantidad gana el uno por ciento. A ruego de Angel Santiago Manuel Ledesma.' Hay un sigo de cruz. Testigo—Enrique Alvarez. Testigo—Manuel Ledesma."

"*Affidavit* No. 852. Certifico que en el día de hoy, julio 21 de 1919, Angel Santiago, vecino de San Juan, industrial, viudo, y por mí conocido personalmente, declaró que adeuda a don Juan Bonilla, la cantidad de quinientos dólares ($500.00) y sus intereses que consignó en este pagaré el 26 de junio próximo pasado y Manuel Ledesma declaró ante mí y el testigo Eleuterio Vázquez que él hizo este documento por orden de Angel Santiago. Doy fe en San Juan a 21 de julio de 1919. (Firmado) Carlos V. Urrutia, notario público. Hay dos sellos, el del notario y otro de rentas internas de veinticinco centavos, inutilizados."

Trabado el embargo el demandado pidió a la corte que lo dejara sin efecto y habiendo sido negada esa petición estableció este recurso de apelación.

Para sostenerla no hace el apelante la designación de errores que exige la regla 42 de nuestro Reglamento y se limita a exponer como cuestión de derecho, que un notario no puede autenticar un documento haciendo constar las declaraciones que le han dado las personas que han intervenido en él en una fecha anterior, a no ser que se formalicen de acuerdo con la ley por medio de declaraciones firmadas por las personas que las hacen.

Según la ley para asegurar la efectividad de las senten-

cias que puedan dictarse en los pleitos se decretará el embargo de bienes del demandado sin que el demandante tenga que prestar fianza, entre otros casos, cuando los documentos privados en que se funden las demandas han sido reconocidos ante un juez o notario por la persona que resulte obligada por ellos, o sus herederos; y según la sección 15 de la Compilación de los Estatutos Revisados y Códigos de Puerto Rico "llámase *affidavit* o declaración de autenticidad el acto y el documento, mediante los cuales, un notario u otro de los funcionarios designados en esta ley certifica o da fe de la verdad o reconocimiento de una firma, de un juramento o de otro hecho o contrato que afectase a propiedad mueble o inmueble no formalizados en escritura pública."

Como el obligado en el pagaré reconoció ante un notario el hecho de adeudar a Bonilla la cantidad en él consignada, esto es suficiente para dar al pagaré el carácter de auténtico de suerte que pudiera librarse la orden de embargo sin exigir fianza al demandante.

El artículo 3 de la Ley sobre declaraciones juradas (*affidavits*), juramentos y afirmaciones, que es la sección 26 de la Compilación antes citada, según el cual "las declaraciones juradas conforme a esta ley, se harán constar por escrito y serán firmadas por las personas que las hicieren" no tiene aplicación a este caso en que no se hace una declaración sino el reconocimiento del hecho de adeudar la cantidad expresada en el pagaré a que se refiere.

La resolución apelada debe ser confirmada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Hutchison.