HÉCTOR RAMOS MIMOSO, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. JOSÉ M. CALDERÓN, JR., JUEZ, demandado.

*Número:* C-65-137     *Resuelto:* 3 de junio de 1966

H. Ramos Mimoso, *pro se.*

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Hernández Matos, Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

Se plantea en este recurso si una pignoración de fondos depositados en un banco, hecha por el depositante a favor del banco, mediante un documento privado no autenticado ante notario, puede surtir efecto contra un tercero que no ha sido parte en el contrato de prenda.

En una acción sobre daños y perjuicios el demandante, Héctor Ramos Mimoso, obtuvo sentencia contra el demandado José Collazo López. En aseguramiento de la sentencia obtenida, el demandante embargó la suma de $2,725.59 de unos fondos que el demandado tenía depositados en el Banco Popular, en San Juan. El interventor, Banco Popular, alegó que esos dineros estaban pignorados en garantía de un préstamos que dicho Banco le había concedido a Collazo. En prueba de lo alegado el Banco presentó en evidencia un pagaré suscrito por Collazo y dos cartas de pignoración, tituladas "Cartas de Autorización," dirigidas al Banco y suscritas por Collazo.

Dos detalles adicionales debemos mencionar porque son materiales al caso. Uno es que ni las cartas de autorización ni el pagaré (copia fotostática del cual consta en autos) están suscritos ante notario. El otro detalle que deseamos consignar es el orden cronológico en que se produjeron los incidentes y documentos en cuestión. No es necesario dar fechas. Basta decir que se produjeron en el siguiente orden: (1) Sentencia del Tribunal Superior contra Collazo; (2) pagaré y primera carta de pignoración; (3) embargo de los fondos; (4) demanda de intervención; y (5) segunda carta de pignoración.

Las cartas de pignoración incluyen varios certificados de depósitos y una cuenta de ahorros Núm. 88643. La primera carta de pignoración es por $31,662.81 y la segunda por $29,362.81. En la segunda, la cual se hizo con el propósito de sustituir a la primera, se hace constar que "se devolvió" por el Banco (presumimos que al depositante y demandado Collazo) un certificado de ahorros por $2,300.00.

Mediante su Resolución de 8 de noviembre de 1965 el Tribunal Superior, Sala de San Juan, declaró con lugar la demanda de intervención del Banco Popular y ordenó la devolución al Banco de los fondos embargados. Esa Resolución es objeto de este recurso de *certiorari*.

La situación de derecho es favorable al peticionario demandante y adversa al interventor. Nos explicamos a continuación.

Después de consignar el Código Civil las disposiciones comunes a los contratos de prenda e hipoteca, pasa inmediatamente a establecer las prescripciones específicas relativas al contrato de prenda. Arts. 1762–1772; 31 L.P.R.A. secs. 5021–5031. Estos artículos tienen, como es de esperarse, sus correspondientes en el Código Civil español, antecesor del nuestro. Arts. 1863–1873.

En el capítulo que dedica el Código especialmente al contrato de prenda, luego de establecer los requisitos de dicho

contrato (Art. 1762) y de declarar qué cosas pueden darse en prenda (Art. 1763), en seguida dispone que "No surtirá efecto la prenda contra tercero si no consta la certeza de la fecha por documento auténtico." Art. 1764, 31 L.P.R.A. sec. 5023. El artículo correspondiente del Código español (Art. 1865) dispone que "No surtirá efecto la prenda contra tercero si no consta por instrumento público la certeza de la fecha."

Nótese, que mientras que el Código español exige que para que la prenda surta efecto contra tercero la certeza de su fecha debe constar en instrumento público, el Código puertorriqueño sólo exige a los mismos fines que la certeza de la fecha conste por documento auténtico. El documento auténtico no es un mero escrito privado. Documento auténtico es el documento legalizado, que· hace fe pública, que hace fe por sí solo. *Diccionario de Derecho Privado* (1954) Tomo I, pág. 1613. Un documento reconocido ante notario es un documento auténtico. *Bonilla* v. *Santiago*, 30 D.P.R. 246, 248 (1922). Nuestro derecho positivo dispone lo siguiente sobre el particular:

"Llámase afidávit o declaración de autenticidad el acto y el documento, mediante los cuales, un notario u otro de los funcionarios designados en las secs. 887 a 895 de este título certifica o da fe de la verdad o reconocimiento de una firma, de un juramento, o de otro hecho o contrato que afectare a propiedad mueble o inmueble, no formalizados en escritura pública."— 4 L.P.R.A. sec. 887.

Aunque no es de aplicación al caso de autos, por no tratarse aquí de la Ley Hipotecaria, sin embargo arroja luz sobre la naturaleza del documento auténtico la siguiente disposición del Art. 51 del Reglamento Hipotecario, 30 L.P.R.A. sec. 881.

"Se considerarán documentos auténticos para los efectos de la ley los que, sirviendo de títulos al dominio o derecho real,

estén expedidos por el Gobierno o por autoridad o funcionario competente para darlos, y deben hacer fe. por sí solos."

■ La prenda, como se sabe, no es un contrato de constitución formal. (¹) Para su existencia basta que se haya concertado de cualquier manera lícita y de que cumpla con los requisitos intrínsecos que el Código exige (Art. 1762); puede constituirse hasta verbalmente, y obligará a las partes. Lo que ocurre es que para que pueda oponerse con éxito frente a terceros la certeza de su fecha deberá constar por documento auténtico. Este pequeño requisito de formalidad, para que pueda operar contra terceros, se basa en el propósito de evitar la simulación de créditos pignoraticios por un deudor en perjuicio y fraude de terceros acreedores suyos. Es de importancia esta preocupación del Código por evitar la simulación de créditos pignoraticios porque esta clase de crédito goza, en virtud de la ley, de gran preferencia. Recuérdese que los créditos que gozan de preferencia con relación a determinados bienes muebles excluyen a todos los demás y si concurren dos o más créditos preferentes respecto a determinados muebles el crédito pignoraticio excluye a los demás hasta donde alcance el valor de la cosa dada en prenda. Art. 1826 del Código Civil, 31 L.P.R.A. sec. 5211.

■ Están de acuerdo los comentaristas en que, como dijimos, el requisito de que conste por documento auténtico o por instrumento público la certeza de la fecha del contrato de prenda, se basa en el propósito de evitar la simulación de créditos pignoraticios en perjuicio y fraude de terceros. Naturalmente, "terceros en este aspecto serán todos los que no han intervenido en el contrato de prenda."—Scaevola, *Código Civil* (1955) Tomo 29, pág. 355. Veamos lo que han escrito sobre el particular algunos comentaristas de reconocida competencia.

---

(¹) La palabra castellana *prenda* se deriva del verbo latino *prehendere*, que quiere decir prender, asir, agarrar una cosa. Castán, *Derecho Civil Español, Común y Foral*, Tomo II, Vol. 2, 10ma. ed. (1965) pág. 381.

Manresa: "Dados los efectos del contrato de prenda, fácilmente se comprende que sin esa garantía exigida por la ley([2]) podría darse el caso de que un deudor de mala fe desde que viera en peligro de ejecución sus bienes muebles intentara sustraerlos de la acción de la justicia y de la persecución de sus acreedores, simulando, con criminales confabulaciones, anteriores y fraudulentas alteraciones en su posesión por medio de fingidos contratos de esta naturaleza; y con objeto de evitar e impedir tales abusos, casi todos los escritores extranjeros aconsejaron que para la eficacia de la prenda se exigiera como condición precisa que se otorgase en todo caso el contrato por instrumento público, pues de otro modo se haría difícil la determinación de su fecha, y más difícil aún su prueba, aun en el caso de que se celebrase ante testigos en razón a la dificultad con que habría de tropezarse para encontrar aquellos ante quienes se llevase a efecto."

"Nuestro Código no ha llegado a tanto, pues no exige de una manera expresa que en todo caso se constituya o se formalice la prenda por instrumento público, ni aun siquiera por documento privado, sino sólo el que conste la certeza de la fecha en la primera de dicha clase de instrumentos para que pueda surtir efecto contra tercero. . . ."—*Comentarios al Código Civil Español,* Tomo XII, 5ta. ed. (1951) págs. 430–431.

Scaevola: "La prenda *inter partes* queda válidamente constituída por el asenso de las mismas, y la entrega de la cosa al acreedor o al tercero elegido de común acuerdo. La cuestión cambia cuando se quiera hacer trascender la prenda con relación a terceros. Tercero en este aspecto serán todos los que no han intervenido en el contrato de prenda. . . ."

"La ley civil ha contemplado el supuesto de que el deudor sustraiga de su patrimonio ciertos bienes, dándolos en prenda con la prelación que señala el Código al hablar de la concurrencia y prelación de créditos en perjuicio todo ello de legítimos acreedores, y para una mayor seguridad ha entendido con muy buen acuerdo que la prenda no plasmada en escritura pública, existiendo terceros, es como si no existiese, ni se hubiere pactado. Esa prenda en documento privado o de otra manera distinta a la notarial, vinculará a las partes, pero es inexistente con relación a terceros, para quienes constituye una *res inter alios* que *nec*

---

([2]) Art. 1865 Código Civil español; Art. 1764 Código Civil de Puerto Rico; 31 L.P.R.A. sec. 5023.

*nocet nec prodest.*"—*Código Civil,* Tomo 29 (1955) págs. 354–355, 356.

Bonet Ramón: "La prenda ordinaria puede constituirse en cualquier forma, salvo lo dispuesto con carácter general en el art. 1.280. Mas para evitar la simulación por el deudor de créditos pignoraticios, en perjuicio y fraude de los terceros acreedores, es preciso que conste por instrumento público la certeza de la fecha, si ha de surtir efecto contra aquéllos."—*Código Civil Comentado* (1962) pág. 1467.

Castán: "La prenda puede constituirse en cualquier forma, salvo lo prescrito con carácter general en el art. 1.280. Mas para que surta efecto contra tercero, es preciso que conste por instrumento público la certeza de la fecha (art. 1.865). Este precepto, nuevo en nuestra legislación, tiene por fin evitar que se simulen por el deudor créditos pignoraticios, en perjuicio y fraude de los terceros acreedores, que verían así cercenados sus derechos sobre el total patrimonio de aquél."—*Derecho Civil Español, Común y Foral,* Tomo II, Vol. 2, 10ma. ed. (1965) pág. 385.

En el mismo sentido véase a Puig Brutau, *Fundamentos de Derecho Civil* (1953) Tomo III, págs. 542–543.

El *dictum* tan lato que aparece en *Commercial Credit Co. v. Soto,* 41 D.P.R. 397, 398 (1930) (Wolf) en el sentido de que "un acreedor que embarga bienes no es un tercero dentro del significado de la ley" no puede tomarse literalmente ni es aplicable a todos los casos. Hay ocasiones en que concebiblemente no lo sería, pero hay ocasiones en que lo es, como en el caso de autos. Aquí el demandante, acreedor que embarga, no fue parte en el contrato de prenda celebrado entre su deudor Collazo y el Banco Popular, y por lo tanto es un tercero.

Comentando una situación como la del caso de autos escriba Puig Brutau:

"Ahora bien; la cosa dada en prenda no deja de formar parte del patrimonio del deudor, por lo que, a tenor del art. 1.911, responde de todas las deudas presentes y futuras de éste. Por tanto, cuando se haya trabado un embargo—pongamos por caso —sobre una cosa del deudor que esté en poder de otra persona y

sobre la que se alegue la existencia de un derecho real de prenda que se haya constituído sin la observancia del art. 1.865, no cabe duda que la invocación de este derecho real no podrá prevalecer." —Obra y tomo citados, pág. 543.

Como se sabe, el Código Civil provee para que el obligado a prestar una fianza pueda dar en prenda bienes suficientes para cubrir su obligación. Art. 1754; 31 L.P.R.A. sec. 4972. En *In re García Ducós*, 56 D.P.R. 43, 45 (1940) se dio la siguiente situación. El Colegio de Abogados quiso entregar en prenda en la Secretaría de este Tribunal, para garantizar una obligación de fianza, bonos de los Estados Unidos por valor de $25,000.00. En aquella ocasión este Tribunal, consciente de que un embargo podría dejarlo sin la prenda, se expresó como sigue por voz de su Juez Presidente entonces Sr. Del Toro:

"Ahora bien, creemos que a los efectos de que la *garantía* no quede sujeta a los riesgos de un embargo por parte de cualquier acreedor del Colegio, si que enteramente dedicada a respaldar el afianzamiento de abogados notarios en el ejercicio de su profesión, en vez de depositarse los bonos en la secretaría de esta corte, deberían constituirse en prenda por medio de escritura pública, depositándose con el Tesorero de la Isla, artículos 1764 del Código Civil, Ed. 1930, y 91 del Código Político, expresándose claramente en la escritura las obligaciones a contraer por el Colegio y su consentimiento en cuanto a que los bonos constituídos en prenda respondan en todo tiempo de los daños y perjuicios que por acción u omisión puedan causar los notarios fiados en el ejercicio de sus funciones como tales."

En vista, pues, de la letra clara y terminante del antes citado Art. 1764 de nuestro Código Civil, preceptivo de que no surtirá efecto contra tercero la prenda si no consta la certeza de su fecha por documento auténtico, forzoso es concluir que la prenda constituida mediante las cartas de autorización antes mencionadas, aunque vinculan a las partes que la constituyeron no surte efecto contra el peticionario demandante en este caso.

Aunque no es necesario entrar a formar juicio sobre la buena o mala fe que haya habido al hacer las cartas de pignoración, debe recordarse que el Código Civil dispone que se presumen celebradas en fraude de acreedores las enajenaciones de bienes hechas por personas contra las cuales se hubiese dictado sentencia o expedido mandamiento de embargo. Art. 1249; 31 L.P.R.A. sec. 3498.

*Se dejará sin efecto la resolución del Tribunal Superior, Sala de San Juan, de 8 de noviembre de 1965, objeto de este recurso, y se declarará sin lugar la demanda de intervención.*