# 95 DTA 106

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL II - BAYAMON - PANEL I**

FIRST FEDERAL SAVINGS BANK
Demandante-Recurrido

v.

JOSE M. RIVERA ESPINELL
Demandado

COOPERATIVA DE AHORRO Y CREDITO
LA SAGRADA FAMILIA
Interventora-Peticionaria

Núm. KLCE-95-00064

San Juan, Puerto Rico, a 9 de mayo de 1995

Panel integrado por su presidenta, Juez Ramos Buonomo
y los Jueces Cordero y Ortiz Carrión

Ramos Buonomo, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La parte peticionaria Cooperativa de Ahorro y Crédito La Sagrada Familia (en adelante, la Cooperativa), presentó un recurso de *certiorari* ante este Tribunal el día 2 de marzo de 1995. Solicita que expidamos un auto para revocar una sentencia dictada en alzada por el anterior Tribunal Superior, Sala de Bayamón (Hon. Zulma Zayas Puig, J.), el día 23 de enero de 1995. ▮ En la misma, el tribunal dejó sin efecto una resolución dictada por el anterior Tribunal de Distrito, Sala de Bayamón (Hon. Jose E. Loubriel Vazquez, J.). Por no estar conforme con la sentencia dictada en alzada, la peticionaria recurre ante nos. En su recurso, la peticionaria plantea las siguientes controversias:

*"A. Conforme a derecho procede o no expedirse un auto de certiorari cuando el escrito radicado no cumple en forma sustancial con los requisitos del Reglamento del Tribunal Supremo.*

*B. Conforme a derecho prevalecen o no las disposiciones del Código Civil de Puerto Rico, sobre una ley de carácter especial como lo es la Ley de Sociedades Cooperativas de Ahorro y Crédito."*

Examinados el recurso de *certiorari*, sus anejos, la ley y la jurisprudencia, se deniega la expedición del auto por los siguientes fundamentos.

### I

Surge de la sentencia recurrida que el 20 de octubre de 1992, el aquí recurrido, First Federal Savings Bank (en adelante, *("First Federal")*, presentó una demanda en cobro de dinero ante el Tribunal de Distrito. El tribunal dictó sentencia a favor del First Federal. Posteriormente, ordenó la ejecución de la sentencia. En virtud de la orden de ejecución, se embargaron algunas acciones que tenía el demandado en la Cooperativa. Esta entonces solicitó intervenir en el pleito, alegando que las referidas acciones no eran embargables toda vez que habían sido pignoradas a su favor en garantía de un préstamo que el demandado tenía activo en la Cooperativa. El tribunal, mediante resolución dictada el día 20 de mayo de 1994, dejó sin efecto la orden de embargo sobre las acciones en poder de la Cooperativa y declaró que el First Federal va en segundo rango preferencial sobre dichas acciones ▮

De esta resolución, el First Federal apeló ante el anterior Tribunal Superior, Sala de Bayamón, alegando que bajo el Artículo 1764 del Código Civil, 31 L.P.R.A. sec. 5023, el

contrato de prenda tiene que constar en un documento auténtico para que surta efecto contra terceros. La Cooperativa presentó una moción de desestimación, basándose únicamente en que el recurso adecuado para revisar la resolución era un *certiorari* y que el escrito de apelación presentado por el First Federal no cumplía con los requisitos establecidos para un *certiorari*.

En su sentencia, el Tribunal Superior acogió como *certiorari* el recurso presentado por el First Federal. Además, resolvió que el contrato de prenda constituido entre el demandado y la Cooperativa, aunque vincula a ambas partes, no puede surtir efecto contra un tercero, como lo es el First Federal, ya que el contrato no consta en un documento auténtico según lo requiere el Código Civil.█ Por ende, el Tribunal Superior dejó sin efecto la resolución recurrida y sostuvo el embargo original. De esta sentencia, recurre ante nos la Cooperativa.

## II

En su recurso, la peticionaria alega que el escrito de apelación presentado por el First Federal incumplía sustancialmente los requisitos reglamentarios para un recurso de *certiorari*, por lo que el Tribunal Superior estaba impedido de considerarlo como tal.

No existe duda de que el anterior Tribunal Superior tenía autoridad para expedir un auto de *certiorari* contra una resolución u orden interlocutoria dictada por el Tribunal de Distrito. *Bull Insular Line v. Tribunal Superior,* 79 D.P.R. 230, 235 (1956). No existiendo un reglamento del Tribunal Superior que disponga los requisitos para un recurso de *certiorari* ante sí, son aplicables aquellos contenidos en el Reglamento del Tribunal Supremo de Puerto Rico.█ Por consiguiente y tratándose de un recurso discrecional, el First Federal venía obligado a poner al tribunal recurrido en posición de decidir si le asistía o no la razón en derecho en relación con el error planteado y si a la luz de los criterios establecidos en la Regla 19(a) del Reglamento del Tribunal Supremo debía expedirse el recurso. *Calderón, Rosa-Silva & Vargas v. García,* 120 D.P.R. 803, 814 (1988).

Examinado el escrito presentado por el First Federal ante el anterior Tribunal Superior, resulta que dicho escrito ciertamente es escueto e incumple los requisitos de forma de un recurso de *certiorari*. No obstante, en el referido escrito se planteó base suficiente para que el tribunal recurrido pudiera decidir si erró o no el Tribunal de Distrito al dejar sin efecto la orden de embargo. Recordemos que *"el auto de certiorari se expedirá solamente por orden del Tribunal, a su discreción, y sólo en casos en que haya razón fundada en derecho para su expedición".* Véase la Regla 21(c) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. I-A, §21(c). Por ende, resolvemos que el tribunal recurrido no abusó de su discreción al acoger el recurso presentado por el First Federal como un *certiorari*.

La peticionaria alega además, en su recurso, que la Ley de Sociedades Cooperativas de Ahorro y Crédito de Puerto Rico establece un gravamen preferencial sobre las acciones y dépositos de los deudores a favor de la Cooperativa hasta el límite de la deuda y que, tratándose de una ley especial, esta disposición prevalece sobre lo dispuesto en el Artículo 1764 del Código Civil.█

De entrada señalamos que la peticionaria no levantó este asunto ante el Tribunal Superior en su moción de desestimación. Es norma reconocida en nuestro ordenamiento jurídico que las partes en un pleito deben brindarle al tribunal de primera instancia una oportunidad adecuada de resolver los asuntos que hayan de ser planteados posteriormente en un recurso de *certiorari*. *Autoridad de Fuentes Fluviales v. Corte,* 65 D.P.R. 935, 937 (1946); *Giménez v. Corte,* 56 D.P.R. 236, 239 (1940); *González v. Corte,* 54 D.P.R. 489, 492-493 (1939). Por consiguiente, el tribunal en apelación debe abstenerse de adjudicar cuestiones no planteadas en primera instancia. *Trabal Morales v. Ruiz Rodríguez,* ___ D.P.R. ___ (1990), **90 J.T.S. 15,** págs. 7405, 7409.

No obstante lo anterior, nuestro Tribunal Supremo ha sostenido en ocasiones que la norma general de que en apelación el tribunal no resolverá cuestión alguna que no haya sido planteada ante el tribunal apelado no es un dogma inquebrantable, sino que tiene numerosas excepciones y limitaciones. *Sánchez v. Eastern Air Lines. Inc.*, 114 D.P.R. 691, 694-695 (1983); *Santiago Cruz v. Hernandez Andino,* 91 D.P.R. 709, 711-712 (1965); *Piovanetti v. Vivaldi,* 80 D.P.R. los, 121-122 (1957). En el caso de autos, debido a que se trata de un asunto que surgió en la etapa de la ejecución de una sentencia, procede que consideremos el planteamiento de la peticionaria.

La peticionaria se basa en el Artículo 6.04 de la Ley Núm. 6 de 15 de enero de 1990, conocida como la Ley de Sociedades Cooperativas de Ahorro y Crédito de 1989, para sostener que tiene a su favor un gravamen preferencial sobre las acciones del demandado en la Cooperativa, por lo que entiende que es improcedente el embargo a favor de la parte recurrida. Dicho artículo dispone en lo aquí pertinente:

*"Los préstamos que concedan las cooperativas quedarán evidenciados por un pagaré legítimo y por todos aquellos otros documentos que la cooperativa requiera, los cuales deberan cumplir con los requisitos y formalidades que exija la Corporación por reglamento. Los firmantes de tales pagarés, sean o no socios de la cooperativa, se considerarán a todos los efectos legales como deudores principales y solidarios. **Las acciones de capital, depósitos y demás haberes que tales deudores principales o solidarios posean en la coooperativa quedarán gravados hasta el límite de la deuda, mientras ésta subsista en todo o en parte. Cualquier cantidad de dinero que adeude un socio o no socio a una cooperativa se considerará una deuda reconocida y como tal será recobrable por la cooperativa de que se trate en cualquier tribunal con jurisdicción competente.** "* (énfasis nuestro.)

7 L.P.R.A. sec. 1356c.

Surge claramente de la disposición citada que la ley establece un gravamen a favor de las cooperativas sobre las acciones, depósitos y demás haberes que tengan en ellas sus deudores. Dicho gravamen equivale, a su vez, a un derecho de prenda que concede la ley a favor de la Cooperativa, ya que cumple con los requisitos dispuestos en ley para un contrato de prenda. ▮ Así lo acepta, además, la peticionaria en su recurso y en la Moción asumiendo representación legal, de intervención e informativa, presentada el 22 de noviembre de 1993, a la cual unió copia del pagaré suscrito por el demandado.

La peticionaria, sin embargo, va más allá y equipara el referido gravamen a un crédito preferencial que, según dicha parte, prevalece sobre lo dispuesto en el Artículo 1764 del Código Civil, *supra*. No le asiste la razón.

El Artículo 6.04 de la Ley de Sociedades Cooperativas de Ahorro y Crédito, *supra*, adolece de una disposición que le conceda preferencia al gravamen establecido a favor de las cooperativas. Ausente una disposición en la ley especial sobre si el referido gravamen goza de preferencia, debemos recurrir, pues, al Código Civil para suplir esta deficiencia. *Berrocales v. Tribunal Superior,* 102 D.P.R. 224, 226 (1974); *Galiñanes Hnos. v. Tribunal Superior,* 77 D.P.R. 881, 888 (1955); véase, además, Art. 12 del Código Civil, 31 L.P.R.A. sec. 12.

El Código Civil clasifica los créditos y establece el orden de preferencia que tendrán los mismos para su pago. Véase los Arts. 1821-1825 y -1829, 31 L.P.R.A. secs. 5191-5195 y 5211-5214, respectivamente. Surge del Artículo 1822(2) que gozan de preferencia, en relación con determinados bienes muebles del deudor, *"[l]os [créditos] garantizados con prenda que se halle en poder del acreedor, sobre la cosa empeñada y hasta donde alcance su valor"*. 31 L.P.R.A. sec. 5192(2). Más adelante, surge del Artículo 1824(4)(b) que en relación

con los demás bienes muebles e inmuebles del deudor, gozan de preferencia los créditos que sin privilegio especial consten por sentencia firme, si hubiesen sido objeto de litigio. 31 L.P.R.A. sec. 5194(4)(b).

Resulta de las disposiciones antes citadas que, como regla general, la prenda goza de preferencia sobre un crédito que conste por sentencia firme. Sin embargo, la letra de la ley es clara al disponer que la prenda no surtirá efecto contra tercero si no consta la certeza de la fecha por documento auténtico. *Liechty v. Descartes Sauri,* 109 D.P.R. 496, 504 (1980); véase, además, el Art. del Código Civil, *supra.* Un documento reconocido ante notario es un documento auténtico. *Ramos Mimoso v. Tribunal Superior,* 93 D.P.R. 551, 554 (1966); *Bonilla v. Santiago,* 30 D.P.R. 246, 248 (1922). El Tribunal Supremo ha expresado que el requisito de formalidad para que pueda operar contra terceros el contrato de prenda se basa en el propósito de evitar la simulación de créditos pignoraticios por un deudor en perjuicio y fraude de terceros acreedores suyos. *Liechty, supra; Ramos Mimoso,* a la pág. 555. A estos efectos, terceros serían todos aquellos que no fueron parte en el contrato de prenda. *Ramos Mimoso,* a la pág. 557.

En el caso de autos, el pagaré suscrito por el demandado, en donde se constituye un derecho de prenda a favor de la Cooperativa sobre las acciones del primero en ésta, no consta en documento auténtico. Por ende, resolvemos que el contrato de prenda, aunque vincula al demandado frente a la Cooperativa, no prevalece sobre el crédito que obtuvo la parte recurrida mediante sentencia, el cual aseguró mediante embargo.

### III

Por lo antes expuesto, se deniega la expedición de un auto de *certiorari* en el caso de epígrafe y se devuelve el caso al Tribunal de Primera Instancia, Subsección de Distrito, Sala de Bayamón, para ulteriores procedimientos de conformidad con lo aquí dispuesto.

Lo acordó el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 106

**1.** Copia de la notificación de ésta fue archivada en autos el día 31 de enero de 1995.

**2.** La resolución fue notificada el día 6 de junio de 1994.

**3.** Véase Art. 1764 del Código Civil, 31 L.P.R.A. sec. 5023.

**4.** D. Rivé Rivera, *Recursos Extraordinarios,* Atlanta, Darby Printing Co., 1989, pág. 204.

**5.** Dispone el referido artículo que *"[n]o surtirá efecto la prenda contra tercero si no consta la certeza de la fecha por documento auténtico".* 31 L.P.R.A. sec. 5023.

**6.** El Artículo 1756 del Código Civil dispone que son requisitos esenciales para otorgar un contrato de prenda los siguientes: (1) debe constituirse para asegurar el cumplimiento de una obligación principal; (2) la cosa pignorada debe pertenecer en propiedad a quien la empeña; y (3) las personas que constituyan la prenda deben tener la libre disposición de sus bienes o en caso de no tenerla, se hallen legalmente autorizadas al efecto. 31 L.P.R.A. sec. 5001. La ley exige, además, que se ponga en posesión de la prenda al acreedor o a un tercero de común acuerdo. Véase el Art. 1762 del Código Civil, 31 L.P.R.A. sec. 5021.